UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEAN HASKE AND JUSTIN WARD, § § PLAINTIFFS § § § v. § § GORMAN MANAGEMENT § COMPANY, § § DEFENDANT § | | CIVIL ACTION NO. CIV-23-1062-F |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Dean Haske and Justin Ward bring this Fair Labor Standards Act ("FLSA") suit against the above named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

**I.  NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant Gorman Management Company ("Defendant") has violated the FLSA by failing to pay overtime premiums to its employees.

## II. PARTIES

3. Plaintiffs Dean Haske and Justin Ward are individuals residing in Garfield County, Oklahoma.

4. At all relevant times, Dean Haske was an "employee" of Defendant as defined by the FLSA.

5. At all relevant times, Defendant was Dean Haske's "employer" as defined by the FLSA.

6. At all relevant times, Justin Ward was an "employee" of Defendant as defined by the FLSA.

7. At all relevant times, Defendant was Justin Ward's "employer" as defined by the FLSA.

8. Gorman Management Company is a domestic for-profit corporation formed and existing under the laws of the State of Oklahoma.

9. Gorman Management Company was an employer of Plaintiffs as defined by 29 U.S.C. §203(d).

10. Gorman Management Company can be served by serving its registered agent for service of process, Thomas Gorman, at 398060 West 2200 Road, Bartlesville, Oklahoma, 74006.

## III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

12. The Court has personal jurisdiction over Defendant because Defendant conducts business in Oklahoma and has entered into relationships with Plaintiffs in Oklahoma and has committed actions in Oklahoma that give rise to this cause of action.

13. Venue is proper in the Western District of Oklahoma, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in this District and Division. Inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes

of this civil action, Defendant resides in this judicial district.   Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

14. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

15. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Defendant Gorman Management Company has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Gorman Management Company is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. Plaintiffs handled and otherwise worked with equipment, such as telephones, computers and various assorted maintenance tools that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

19. At all times hereinafter mentioned, Plaintiffs were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production

of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

20. Defendant operates a number of apartment complexes in and around Oklahoma.

21. Defendant employs maintenance men to assist in the upkeep and repair of its apartments.

22. Plaintiffs were salaried maintenance men.

23. Plaintiffs were non-exempt employees.

24. Plaintiffs consistently worked more than 40 hours per workweek.

25. Plaintiffs were not paid any overtime premiums for any hours worked over forty per workweek.

26. Occasionally, Plaintiffs were given "comp time" for hours worked over forty per workweek.

27. Upon information and belief, Defendant treats other non-exempt employees similarly, in that it either does not pay them overtime premiums and/or gives them "comp time" in lieu of their required overtime premiums.

28. As such, for all hours exceeding 40 per workweek, Plaintiffs are owed time and one-half times their regular rates of pay.

29. Defendant required Plaintiffs to work the long hours described above and thus knew that Plaintiffs regularly worked in excess of 40 hours per week.

30. Nonetheless, Defendant failed and refused to compensate Plaintiffs at a rate that is not less than time-and-one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.

31. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay Plaintiffs overtime premiums for all hours worked over forty per workweek.

## VI. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

32. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed.

33. Defendant has acted willfully in failing to pay Plaintiffs in accordance with applicable law.

34. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to Plaintiffs.

## VII. PRAYER FOR RELIEF

Plaintiffs Dean Haske and Justin Ward pray that upon trial of this cause, judgment be rendered against Defendant Gorman Management Company as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs

    b.    For an Order awarding Plaintiffs the taxable costs and allowable expenses of this action;

    c.    For an Order awarding Plaintiffs attorneys' fees;

    d.    For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

   e. For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendant' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

   f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

            Respectfully submitted,

            Welmaker Law, PLLC


            /s/  *Douglas B. Welmaker*
            Douglas B. Welmaker
            Attorney-in-Charge
            State Bar No. 00788641
            409 N. Fredonia, Suite 118
            Longview, Texas 75601
            (512) 799-2048
            Email: doug@welmakerlaw.com

            **ATTORNEY FOR PLAINTIFFS**